[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11497
Non-Argument Calendar

_____

D. C. Docket No. 07-20977-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LESTER ALFRED BARCOE,
a.k.a. William O'Neil,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 15, 2008)**

Before CARNES, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Lester Alfred Barcoe appeals his 77-month sentence imposed after he pleaded guilty to having been found in the United States after having previously been deported from the United States, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Barcoe argues that his within-Guidelines sentence was unreasonable because his family circumstances are such that the district court should have granted a departure from the Guidelines. For the reasons stated below, we affirm.

We review the district court's final sentence for reasonableness under an abuse-of-discretion standard. United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (citing Rita v. United States, 127 S.Ct. 2456, 2465 (2007)). We must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Gall v. U.S., 522 U.S. __, 128 S.Ct. 586, 597 (2007). If the district court's sentencing decision is procedurally sound, we must then consider the "substantive reasonableness of the sentence imposed, under an abuse-of-discretion standard," based on the "totality of the circumstances." Id. "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)."

2

United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted).

As an initial matter, we note that Barcoe does not claim any procedural error in the determination of his sentence. The record demonstrates that the district court correctly calculated the applicable Guidelines range, allowed both parties to present arguments as to what they believed the appropriate sentence should be, considered all of the § 3553(a) factors, and thoroughly explained its reasoning. The district court's sentencing decision was procedurally sound.

Next, we review the substantive reasonableness of the sentence and conclude that Barcoe's claim that the district court acted unreasonably in failing to grant a departure based on his family circumstances is without merit. At sentencing, Barcoe argued for mitigation based on his family obligations, including his responsibilities to his three children in the United States and the recent death of his father and grandfather. After this allocution, the district court considered Barcoe's family situation, but found that this mitigating factor was outweighed by the other § 3553(a) factors, including the Guideline range, Barcoe's criminal history that was not taken into account by the Guidelines, and Barcoe's history of illegally returning to this country. The district court placed special emphasis on Barcoe's criminal history, and it concluded that 77 months'

imprisonment – which was the lowest within-Guidelines sentence available and far below the statutory maximum[1] – is reasonable.  We find no abuse of discretion in the determination that a sentence at the low end of the Guidelines is substantively reasonable.

In short, Barcoe's within-Guidelines sentence is neither procedurally nor substantively unreasonable, and the district court did not abuse its discretion in imposing it.  For the foregoing reasons, Barcoe's sentence is **AFFIRMED**.

---

[1] Based upon Barcoe's offense level of 21 and criminal history category of VI, the presentence report calculated a Guideline range of 77-96 months.  The statutory maximum is 20 years and there is no statutory minimum.  8 U.S.C. § 1326(b)(2).